FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 0 2009

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02679-BNB (In Part Removal from Jefferson County District Court, *People of the State of Colorado v. Dean Carbajal,* Case No. 08CR267)

DEAN CARBAJAL,

    Plaintiff,

v.

DENVER COUNTY BOARD OF COUNTY COMMISSIONERS FOR DENVER
    COUNTY,
DEPUTY SHERIFF HATCH,
DEPUTY SHERIFF B. WOLFE,
BILL RAILEY,
CHRIS WELDON,
JOE QUINTANA,
CARROL WARNER,
DAVID ROMERO,
STEVEN J. PATRICK,
CHARLES GREENACRE,
SANDRA K. MILLER,
JAMES SCHUM,
MANDY ALLEN,
TWO UNKNOWN DELTA POLICE OFFICERS,
CITY AND COUNTY OF DELTA,
DANIEL E. ROSENBERG,
CITY AND COUNTY OF DENVER,
GILBERTO LUCIO,
RICHARD T. BOEHNLEIN,
RANJAN R. FORD,
ROBERT A. SALAZAR,
CITY OF ARUADA,
JOURDAN LOPEZ-BASGAL,
A. J. DEANDRE,
PATRICK MEESTER,
THEA REIFF,
SARA GARRIDO,
BRIAN DOMINGUEZ,
MRYL SERRA,
THOMAS J. FARRELL,
LEONARD MARTINEZ,

JEFF HERRON,
JANE A. TIDBALL,
BILL RITTER,
EDWARD CLAYTON,
BETH VALERIO,
UNKNOWN DENVER POLICE OFFICER,
UNKNOWN ARVADA POLICE OFFICER,
UNKNOWN DELTA POLICE OFFICER,
DENVER POLICE DEPARTMENT, and
ARVADA POLICE DEPARTMENT,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Dean Carbajal currently is detained at the Jefferson County Detention Facility in Golden, Colorado. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court must construe the Complaint liberally because Mr. Carbajal is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint.

Mr. Carbajal sets forth ten claims. Upon review of the Claims, the Court finds that overall Plaintiff asserts that he has been subjected to malicious and frivolous prosecutions since 1999 in Delta County, Colorado, Jefferson County, Colorado, and Denver County, Colorado. He also contends that his deferred sentence entered in 1999 has been illegally continued, which resulted in his having to serve an intensive supervision probation in addition to the original four-year probation. He further contends that as a result of Defendants' actions he has been falsely imprisoned, falsely

2

arrested, subjected to excessive probation, and wrongfully labeled as a sex offender. Mr. Carbajal seeks removal of his pending criminal case in Jefferson County, Case No. 08CR267, and money damages for the alleged wrongful convictions and imprisonments.

To the extent that Plaintiff is attempting to seek habeas relief for a wrongful conviction, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1).

Even if Plaintiff's claims regarding the validity of Mr. Carbajal's previous conviction and sentence were found to have merit, he may not challenge the validity of his conviction in this action for money damages pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Id.* at 486-87.

A false arrest claim generally does not implicate *Heck* because improprieties in an arrest typically do not undermine the validity of an ensuing conviction. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999). However, where an arrestee, like Mr. Carbajal, was convicted of the crime for which he was arrested, and he has failed to prove that the conviction has been reversed on direct appeal, expunged

3

by executive order, declared invalid or otherwise called into question by some other tribunal, also like Mr. Carbajal, he is not able to maintain a § 1983 action. A judgment, therefore, in favor of Mr. Carbajal, in this action, necessarily would imply the invalidity of his state court criminal proceedings and is barred by *Heck*. Furthermore, the rule in *Heck* also applies to claims seeking to invalidate the results of probation proceedings. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation).

Mr. Carbajal does not allege, and nothing in the Court's file indicates, that he has invalidated his convictions or the revocations of his probation. Therefore, the claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Plaintiff's claims also suffer from other deficiencies. Judges Steven J. Patrick, Charles Greenacre, Sandra K. Miller, James Schum, and Mandy Allen are absolutely immune from liability in civil rights suits when they are acting in their judicial capacities, unless they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The sentencing of a plaintiff is an action taken by a judge in his judicial capacity. Therefore, Judges Patrick, Greenacre, Miller, Schum, and Allen were not acting in the clear absence of all jurisdiction, and the claims Plaintiff asserts against them are barred by absolute judicial immunity.

Defendants Daniel E. Rosenberg and Brian Dominguez are district attorneys. With respect to the prosecutorial activities in which Defendants Rosenberg and

Dominguez were involved in Plaintiff's state criminal case, they enjoy immunity from suit under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Carbajal's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), **cert. denied sub nom. Swepston v. Snell**, 499 U.S. 976 (1991). Therefore, Defendants Rosenberg and Dominguez are inappropriate parties to this action based on absolute immunity.

As for Defendants Thea Reiff, Sara Garrido, Mryl Serra, Thomas J. Farrell, Leonard Martinez, and Jeff Herron, whether they are private attorneys or public defenders who represented Applicant, they are not state actors under § 1983 and are not proper parties to this action. *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981).

Nonetheless, Plaintiff's claims for damages are barred by *Heck* and will be dismissed without prejudice under *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

As for Mr. Carbajal's request that his pending criminal case, Case No. 08CR267, be removed to this Court, a defendant desiring to remove a criminal prosecution from a state court must file a notice of removal that contains a short and plain statement of the grounds for removal together with a copy of all process, pleadings, and orders served upon the defendant in the state court. *See* 28 U.S.C. § 1446(a). Mr. Carbajal has failed to comply with § 1446(a). He has failed to provide copies of the state court

5

process, pleadings, and orders and to assert grounds that would support a removal of his state criminal prosecution. Even construing the notice of removal liberally, the Court is unable to ascertain any legitimate basis for removal of Mr. Carbajal's state court criminal case. Therefore, Case No. 08CR267 will be remanded summarily to the Jefferson County District Court pursuant to 28 U.S.C. § 1446(c)(4). Accordingly, it is

ORDERED that Case No. 08CR267 is remanded summarily to the Jefferson County District Court in Golden, Colorado. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Jefferson County District Court, 100 Jefferson County Pkwy, Golden, CO 80401. It is

FURTHER ORDERED that the remainder of the Complaint and the action are dismissed without prejudice. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 23 day of Jan. , 2009.

BY THE COURT:

*(signature)*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02679-BNB

Dean Carbajal
P.O. Box 46075
Denver, CO 80401

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/26/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk